**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 10, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAROLD ZUNIEFEATHERS,

    Defendant - Appellant.

No. 23-2118
(D.C. No. 1:23-CR-00212-MV-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Defendant Darold Zuniefeathers directly appeals the district court's denial of his motion to dismiss his indictment for violating the Fifth Amendment's Double Jeopardy Clause. Defendant's appellate counsel filed a brief pursuant to *Anders v. California* and a motion for leave to withdraw from this appeal. 386 U.S. 738 (1967). Defendant and the government elected not to respond. Upon review of the record, we agree with defense

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

counsel that there are no non-frivolous grounds for this appeal. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** this appeal.

Before his indictment for the instant offenses of conviction, Defendant pleaded guilty to one count of Involuntary Manslaughter in 2017. The district court sentenced Defendant to 30 months' imprisonment followed by three years of supervised release. Between May 2020 and February 2023, the district court revoked Defendant's supervised release four times. Defendant's third revocation was based on his violation of two conditions of supervision: failure to work full time and unlawful use of a controlled substance. The violation report referenced an alleged assault by Defendant in 2021 in the Zuni Pueblo, but the assault did not serve as a basis for Defendant's revocation. Defendant's fourth revocation petition cited three violations: (1) failure to report his change in residence to his probation officer; (2) failure to attend required substance abuse treatment; and (3) commission of another crime based on a criminal complaint filed against Defendant in 2022 in the Zuni Tribal Court for aggravated assault and escape. The Government declined to proceed on the third ground for revocation, and Defendant's judgment was instead based only on his admission to the first two violations. The district court did, however, consider the alleged criminal charges in fashioning a sentence.

One week later, a federal grand jury indicted Defendant in the instant case on three counts of assault in Indian Country. The first count is based on the 2021 Zuni Pueblo assault referenced in Defendant's third revocation violation report. The third count is based on the 2022 Zuni Pueblo assault that is cited as a violation in

Defendant's fourth revocation petition. One month after his indictment, in March 2023, Defendant filed a motion to dismiss on double jeopardy grounds. He argued it was constitutionally impermissible for the Government to charge him with two felony assaults in the indictment when he was already punished for the same offense conduct in the form of incarceration following his third and fourth supervised release violations.

The district court did not err in denying Defendant's motion. First, the district court correctly concluded Defendant's argument is foreclosed by the Supreme Court's decision in *Johnson v. United States*, which held postrevocation penalties are to be treated as punishments for the *initial* offense of conviction to avoid potential double jeopardy issues. 529 U.S. 694, 700-01 (2000). As the Supreme Court explained,

> [w]here the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

*Id.* (citations omitted). Second, the district court properly rejected as factually incorrect Defendant's claim that his indictment nevertheless violated double jeopardy because his total sentence—that is, his initial sentence combined with his postrevocation sentences—exceeded the initial offense's statutory maximum. Indeed, Defendant's total sentence of 53 months is well below the statutory

3

maximum of 96 months for an involuntary manslaughter conviction under 18 U.S.C. § 1112.[1]  We see no grounds for disturbing the district court's conclusions.

***

We agree with counsel that there is no nonfrivolous basis upon which Defendant can challenge the district court's order denying his motion to dismiss.  Accordingly, Defendant's appeal is wholly frivolous.  Counsel's motion to withdraw is **GRANTED** and this appeal is hereby **DISMISSED**.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[1] Defendant was sentenced to 30 months' imprisonment for his initial Involuntary Manslaughter conviction, 2 months for his first revocation, 6 months for his second revocation, 9 months for his third revocation, and 6 months for his fourth revocation, for a total of 53 months' imprisonment. *See* App. Vol. I at 2, 29-30; App. Vol. IV at 44.